UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MR. GREGORY DOWNS,<br><br>　　　　Petitioner/Plaintiff,<br><br>　　　　v.<br><br>A. CHAPMAN, ADA Coordinator,<br>et al.,<br><br>　　　　Respondents/Defendants. | Case No. 2:22-cv-08795-JLS-JDE<br><br>ORDER DISMISSING ACTION<br>WITHOUT PREJUDICE |

## I.

## INTRODUCTION

On November 28, 2022, the Court received from Gregory Downs, an inmate at California State Prison Los Angeles ("Prison"), located in Lancaster, California, proceeding pro se as "Petitioner/Plaintiff," a document titled:

REQUEST FOR THE COURT TO ORDER
RESPONDENT/DEFENDANT TO FILE ARMSTRONG V.
SCWARZENEGGER & CLARK V. CALIFORNIA TWO
COURT ORDER REMEDIAL PLAN APPLICATION

REQUEST FOR CALENDAR A ZOOM HEARING TO
ENABLE THE COURT TO REVIEW CDCR MENTAL
HEALTH FILE DIAGNOSIS

REQUEST FOR COURT TO ORDER CDCR PRODUCE THE THE [sic] PETITIONER/PLAINTIFF FOR HEARING TO ENABLE THE COURT TO REVIEW CDCR MENTAL HEALTH FILE DIAGNOSIS UNDER SEAL

Dkt. 1 ("Submission") at 1 (CM/ECF pagination is used herein for page references to Petitioner/Plaintiff's filings). The Submission named as "Respondent/Defendant" 13 individuals who appear to be employed by or associated with the California Department of Corrections and Rehabilitation ("CDCR") or the Prison and a "John Doe" defendant. <u>Id.</u> Petitioner did not pay the filing fee or seek leave to proceed <u>in forma pauperis</u>.

On December 6, 2022, the Court issued an order dismissing the Submission for its failure to state a claim upon which relief may be granted and denying the request for a preliminary injunction. Dkt. 4 ("Dismissal Order"). In the Dismissal Order, the Court further ordered Petitioner/Plaintiff, within 30 days, to file: (1) a First Amended Complaint and either pay the required filing fee or file a compliant Request to Proceed without Prepayment of Filing Fees with Declaration and supporting materials within the time required; or (2) a Notice of Dismissal, concluding:

> **Petitioner/Plaintiff is cautioned that failure to timely file a fully compliant response as directed in this Order may result in the dismissal of this action for the foregoing reasons, failure to prosecute, and/or failure to comply with a court order.**

Dismissal Order at 7-8.

After three extensions of time, rather than filing a response in compliance with the Dismissal Order as instructed, on March 13, 2023, Petitioner/Plaintiff filed a document titled:

Fed. Rule 201 (A)(D)(E)(F)

OBJECTION TO THE COURT OPENING AN §1983 REQUEST TO TRANSFER THIS ASPECT OF THE ACTION TO REMEDIAL PLAN COURT OF NORTHERN DISTRICT (OAKLAND)

NOTICE OF MOTION FOR (2) TWO 60(B)(6) (FRCP 26(G)(3) Rule 801(D)(2)(B)

UNDER PEN.CODE § 1485.5 & 1485.55 FINDING OF FACTUAL INNOCENCE/RELEASE FROM PRISON

NOTICE OF MOTION FOR PRODUCTION OF NONPARTY'S STATEMENTS (FRCP 26(A)(B)(3), 33, 34, AND 36)

APPOINTMENT OF COUNSEL AT THE EXPENSE OF FUTTERMAN DUPREE DODD CROLEY MAIER LLP

REQUEST TO CALENDAR FOR A HEARING OF THE FACTS

Dkt. 12 ("Response"). The Response has headings "Declaration," "Standard for Preliminary Injunction," "I Never Requested a § 1983," "Application for Certification of Factual Innocence and Jurisdiction to Consider on the Merits," "Memorandum Points of Authorities," and "Action Requested" (id. at 2-19) and contains nearly 100 pages of attachments, including minute orders, report of investigation, a news article, pleadings from other actions, responses to administrative appeals, portions of Petitioner/Plaintiff's parole hearing from June 2009, and inmate data reports (id. at 20-111).[1] Petitioner/Plaintiff

---

[1] Petitioner/Plaintiff also includes a "Request for the Court to Seal HIPAA Documents/Issue an Order Letting Petitioner/Plaintiff Know Their Out of Cite of the Public Records," wherein Petitioner/Plaintiff contends that "two weeks ag[o] the Warden made the admission that J. Clark Kelso had allowed custody to read [his] MEDICAL FILE A CRIME! HIPAA VIOLATION." Response at 102-03. To the extent Petitioner/Plaintiff desires to file any documents under seal or believes that a

clarifies that he never requested "a § 1983," explaining that he "fil[ed] to obtain counsel under <u>Armstrong v. Schwarzenegger</u> & <u>Clark v. California, Bland v. California Department of Corrections & Rehabilitation</u> appointment of counsel of choice TO FILE SOME 60B's-F WITH THE COURT," and requests those "aspect[s] of this action" in which he seeks relief under a preexisting remedial plan entered under prior class actions or consent decrees be transferred "to the Remedial court Northern District because to pursuant to the consent [decree]," he does not "want the Prison Law office to represent" him. <u>Id.</u> at 4, 6. Additionally, he reasserts he will suffer irreparable injury unless a preliminary injunction is issued (<u>id.</u> at 4-5), adds a request to be released from custody apparently based on state law and Rule 60(b) of the Federal Rules of Civil Procedure ("Rule" or "Rules") (<u>id.</u> at 11-18), and raises arguments regarding one or more other federal actions filed by Petitioner/Plaintiff (<u>id.</u> at 2-3, 10). In the "Action Requested" section, the Response states:

> 1) Address the action off the Declaration grant my release under §1485.5 § 1485.55 etc.
>
> 2) Order Futterman Dupree Croley Maier LLP to give deposition along with Cal. AG.
>
> 3) ORDER A SENIOR DEPUTY A.G. to sit down for a settlement of the action that the 60(B) is being filed by 3/10/23 at Lancaster bring the checkbook.
>
> 4) Issue a protective order.
>
> anything else that will protect me!

---

portion of a previous document should be redacted or sealed, the Court refers Petitioner/Plaintiff to Central District Local Civil Rule 79-5, which sets forth the procedures that must be followed and the standards that will be applied when a party seeks authorization from the Court to file materials under seal.

Id. at 19. To the extent, by the Response, Petitioner/Plaintiff seeks an order appointing counsel or an order compelling production of documents from third parties, those requests were denied by the assigned Magistrate Judge on March 23, 2023. Dkt. 13 ("Minute Order").

As of the date of this Order, more than 100 days after the date of the Dismissal Order, Petitioner/Plaintiff has not filed a compliant response to the Dismissal Order by choosing one of the two options provided and filing the document required by that option. There is currently no operative pleading and although Petitioner/Plaintiff contends in his Response that he never requested a Section 1983 action be opened, Petitioner/Plaintiff has not filed a Notice of Dismissal as instructed in the Dismissal Order.

As a result, for the reasons set forth below, this action is dismissed without prejudice.

## II.

## STANDARD OF REVIEW

As Petitioner/Plaintiff is a prisoner seeking relief from governmental employees, under 28 U.S.C. § 1915A(b), the Court must review the operative pleading to determine whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint may be dismissed for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

When reviewing a complaint to determine whether it states a viable claim, the Court applies the same standard as it would when evaluating a motion to dismiss under Rule 12(b)(6). See Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam). Rule 12(b)(6), in turn, is read in conjunction with Rule 8(a). Zixiang Li v. Kerry, 710 F.3d 995, 998-99 (9th Cir. 2013).

Under Rule 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). Though Rule 8 does not require detailed factual allegations, at a minimum a complaint must allege enough specific facts to provide both "fair notice" of the particular claim being asserted and "the grounds upon which [that claim] rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 & n.3 (2007) (citation omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (Rule 8 standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); Brazil v. U.S. Dep't of Navy, 66 F.3d 193, 199 (9th Cir. 1995) (holding even pro se pleadings "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong"); Schmidt v. Herrmann, 614 F.2d 1221, 1224 (9th Cir. 1980) (upholding Rule 8 dismissal of "confusing, distracting, ambiguous, and unintelligible pleadings").

Thus, to survive screening, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). A claim is plausible when the facts alleged would support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. Id. Allegations that are "merely consistent with" a defendant's liability, or reflect only "the mere possibility of misconduct" do not show "that the pleader is entitled to relief," and thus are insufficient to state a claim that is "plausible on its face." Id. at 678-79 (citations omitted). "Taken together, Iqbal and Twombly require well-pleaded facts, not legal conclusions . . . that 'plausibly give rise to an entitlement to relief' . . . . The plausibility of a pleading thus derives from its well-pleaded factual allegations." Whitaker v. Tesla Motors, Inc., 985 F.3d 1173, 1176 (9th Cir. 2021) (quoting Iqbal, 556 U.S. at 679).

Pleadings by pro se plaintiffs are reviewed liberally and afforded the benefit of the doubt. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam);

see also Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (as amended).
However, "a liberal interpretation of a civil rights complaint may not supply
essential elements of the claim that were not initially pled." Bruns v. Nat'l
Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (citation omitted).
"[T]he tenet that a court must accept as true all of the allegations contained in
a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678.

Separately, a failure to file an amended complaint by a court-ordered
deadline, after receiving an admonishment that such a failure could result in
dismissal, evidences a lack of prosecution. See Link v. Wabash R.R., 370 U.S.
626, 629-30 (1962); see also Rule 41(b). After a complaint is dismissed with
leave to amend, "[i]f a plaintiff does not take advantage of the opportunity to
fix his complaint, a district may convert the dismissal of the complaint into a
dismissal of the entire action." Lira v. Herrera, 427 F.3d 1164, 1169 (9th Cir.
2005). In Carey v. King, 856 F.2d 1439 (9th Cir. 1988), the Ninth Circuit cited
the following factors as relevant to the Court's determination whether to
dismiss an action for failure to prosecute: "(1) the public's interest in
expeditious resolution of litigation; (2) the court's need to manage its docket;
(3) the risk of prejudice to the defendants; (4) the public policy favoring
disposition of cases on their merits, and (5) the availability of less drastic
sanctions." Id. at 1440; see also Yourish v. California Amplifier, 191 F.3d 983,
991-92 (9th Cir. 1999) (affirming dismissal for failure to timely file an amended
complaint, applying the five factors).

## III.

## DISCUSSION

As discussed in the Dismissal Order, the Submission did not refer to
itself as a complaint; rather, the caption merely identified the relief sought and
referred to the parties as "Petitioner/Plaintiff" on the one hand, and
"Respondent/Defendant[s]" on the other. Nor did the Submission state on

what federal statutory authority, if any, it was brought. In both the title of the Submission and in the "Action Requested," Petitioner/Plaintiff relied upon Armstrong v. Schwarzenegger and Clark v. California, class actions brought against state officials for violation of the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and the Constitution by California state prisoners and parolees suffering from certain disabilities, cases that resulted in remedial plans. See Armstrong v. Schwarzenegger, 622 F.3d 1058, 1062-63 (9th Cir. 2010); Clark v. California, 739 F. Supp. 2d 1168, 1173-74 (N.D. Cal. 2010). In the Dismissal Order, the Court liberally interpreted the Submission as an attempt to set forth a civil complaint and found it failed to state a claim upon which relief may be granted because: (1) Petitioner/Plaintiff solely sought relief under remedial plans entered in other cases; and (2) as a civil rights or ADA action, the Submission did not comply with Rule 8 as Petitioner/Plaintiff failed to allege sufficient facts to provide Respondents/ Defendants with fair notice of the particular claims being asserted against them and the federal grounds upon which such claims rested. The Court dismissed the Submission, but granted Petitioner/Plaintiff leave to amend, instructing him to either file an amended complaint or dismiss the action, warning him that failure to do so could result in dismissal for failure to prosecute and/or failure to comply with a Court order.

As noted, dismissal for failure to prosecute or failure to comply with a court order may be warranted when a party fails to file an amended complaint within a court-ordered deadline. See Lira, 427 F.3d at 1169; Yourish, 191 F.3d at 991-92; Carey, 856 F.2d at 1440 (citing the following factors as relevant to the determination whether to dismiss an action for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of

1 less drastic sanctions"). Despite having been provided the opportunity to file

2 an amended complaint in the Dismissal Order and having been warned that a

3 failure to do so could result in dismissal, Petitioner/ Plaintiff did not file an

4 amended complaint within the time authorized.

5       Applying the <u>Carey</u> factors here, factors one and two, the public's

6 interest in expeditious resolution of litigation and the court's interest in

7 managing its docket, militate in favor of dismissal for failure to prosecute. The

8 third factor, the risk of prejudice to the defendants, also favors dismissal. In

9 <u>Yourish</u>, the Ninth Circuit, after noting that the risk of prejudice to the

10 defendant is partly measured by the strength of a plaintiff's reason for failure to

11 timely file the amended pleading, found that a "paltry" excuse for a late-filed

12 amended pleading caused the risk of prejudice to the defendant factor to

13 "strongly support[] dismissal." Here, no excuse has been provided and no

14 amended pleading has been filed, meaning the third factor weighs even more

15 heavily in favor of dismissal. Factor four, the public policy favoring disposition

16 of cases on the merits, counsels against dismissal; however, as the dismissal is

17 without prejudice, it would not, in and of itself, preclude consideration of any

18 claim at some later date in an appropriate forum. Lastly, the fifth factor, the

19 availability of less drastic sanctions, also counsels in favor of dismissal where,

20 as here, Petitioner/ Plaintiff did not simply file an amended pleading late, he

21 did not file it at all. Without an operative complaint, the action stands in legal

22 limbo, leaving the Court with two alternatives: dismiss the action or leave it

23 pending without an operative pleading. Under the facts here, there is no viable

24 lesser alternative. Thus, four of the five factors set forth in <u>Carey</u> favor

25 dismissal, three of them strongly so. Dismissal of the action is warranted here.

26       Separately, even were the Court to view the Response as an unwieldy

27 attempt to amend, in the Response, Petitioner/Plaintiff states he  "never

28 requested a § 1983" action and "was filing to obtain counsel under"

1   Armstrong, Clark, and Bland v. California Department of Corrections, 20 F.3d
2   1469 (9th Cir. 1994), overruled in part by Schell v. Witek, 218 F.3d 1017, 1025
3   (9th Cir. 2000) (en banc). Response at 6. Petitioner/Plaintiff's assertion
4   confirms that he has not stated a viable claim. There is no constitutional right
5   to appointed counsel in a civil case, see Adir Int'l, LLC v. Starr Indem. &
6   Liab. Co., 994 F.3d 1032, 1038-39 (9th Cir. 2021); Storseth v. Spellman, 654
7   F.2d 1349, 1353 (9th Cir. 1981), and exceptional circumstances do not exist
8   here to designate counsel to represent Petitioner/Plaintiff without pay. See
9   Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). In his Response,
10  Petitioner/Plaintiff claims he is exercising his right to counsel of his choice
11  under Bland. Response at 4. Petitioner's reliance on Bland is misplaced. Bland
12  was a habeas proceeding under 28 U.S.C. § 2254, in which the Ninth Circuit
13  found the petitioner was denied the right to substitute counsel in his criminal
14  case in violation of the Sixth Amendment. See Bland, 20 F.3d at 1479. This is
15  not a criminal case; Petitioner/Plaintiff's Sixth Amendment right to counsel is
16  not implicated. See Adir Int'l, LLC, 994 F.3d at 1039 ("Unlike in criminal
17  cases that implicate the Sixth Amendment right to counsel, civil litigants who
18  cannot afford counsel are not constitutionally guaranteed the appointment of a
19  lawyer."); United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 569
20  (9th Cir. 1995) (as amended) ("The protections provided by the Sixth
21  Amendment are explicitly confined to 'criminal prosecutions.'" (quoting
22  Austin v. United States, 509 U.S. 602, 608 (1993))).

23          In addition, as noted in the Dismissal Order, an inmate seeking relief
24  under a preexisting remedial plan entered under prior class actions or consent
25  decrees must pursue his requests via the consent decree or through class
26  counsel, not by an independent lawsuit. See Hawkins v. California, 2012 WL
27  639550, at *4-5 (E.D. Cal. Feb. 27, 2012) ("To the extent Plaintiff wishes to
28  seek relief pursuant to the Armstrong or Clark remedial plans, he 'must pursue

his requests via the consent decree or through class counsel.'" (quoting
<u>Crayton v. Terhune</u>, 2002 WL 31093590, at *4 (N.D. Cal. Sept. 17, 2002)));
<u>Sykes v. Friederichs</u>, 2007 WL 841789, at *6 n.12 (N.D. Cal. Mar. 20, 2007).
Thus, as previously explained, as the sole apparent basis for the relief sought
by the Submission and, broadly construed, the Response, may not be granted
by this action, Petitioner/Plaintiff fails to state a claim upon which relief may
be granted in this Court.

    In his Response, Petitioner/Plaintiff also requests that the Court transfer
"this aspect of this action to the Remedial court Northern District" because he
does not "want the Prison Law office to represent" him. Response at 4.
Petitioner/Plaintiff reiterates "you open this action I didn't request it or am I
waiving my right to access to the court[s]." <u>Id.</u> As Petitioner/Plaintiff indicates
that he did not intend to file a Section 1983 action and identifies no specific
viable claim to transfer, transfer is not warranted.

    Transfer of this action is not appropriate for an additional reason. In his
Response, Petitioner now claims to be seeking release from custody based on
state law and Rule 60(b). Response at 1, 11-19. Challenges to the validity of
any confinement or to particulars affecting its duration fall within the "core" of
habeas corpus. <u>Hill v. McDonough</u>, 547 U.S. 573, 579 (2006); <u>Nelson v.
Campbell</u>, 541 U.S. 637, 643 (2004). As such, a petition for habeas corpus is
the "exclusive vehicle" for claims by state prisoners challenging "the fact or
duration of the conviction or sentence." <u>Nettles v. Grounds</u>, 830 F.3d 922,
927, 934 (9th Cir. 2016) (en banc). To be entitled to habeas relief, the state
petitioner must demonstrate "he is in custody in violation of the Constitution
or laws or treatises of the United States." 28 U.S.C. § 2254(a). Mere errors of
state law are not cognizable on habeas corpus.  <u>See</u> <u>Estelle v. McGuire</u>, 502
U.S. 62, 67-68 (1991). There are several procedural hurdles to seeking relief
under Section 2254, including a one-year statute of limitations, an exhaustion

requirement, and restrictions on filing second or successive Section 2254 habeas petitions. See 28 U.S.C. §§ 2244, 2254. To the extent Petitioner/ Plaintiff seeks release from custody and/or to set aside his underlying conviction, he must pursue such relief through a petition for writ of habeas corpus and meet all of the requirements governing such proceedings. Such relief is unavailable in this action.

## IV.

## CONCLUSION AND ORDER

For the foregoing reasons, Judgment shall be entered dismissing this action without prejudice to Petitioner/Plaintiff pursuing relief in Armstrong and/or Clark.

Dated: April 10, 2023

JOSEPHINE L. STATON
United States District Judge

Presented by:

JOHN D. EARLY
United States Magistrate Judge